UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAGGNER,<br><br>    Plaintiff,<br><br>v.<br><br>TIM PARSA,<br><br>    Defendant. | Case No. 3:22-mc-80328-WHO<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR DISOCVERY PURSANT TO 28 USC § 1782**<br><br>Re: Dkt. No. 1 |

William Laggner filed an Ex Parte Application for Discovery pursuant to 28 U.S.C. § 1782, seeking to authorize discovery for use in a foreign proceeding. ("App.") [Dkt. No. 1]. For the following reasons, the ex parte application is GRANTED.

**BACKGROUND**

Laggner is a shareholder and former board member of Uphold Ltd., an entity registered as an LLC in the Cayman Islands. App. 2, 4:17-18. On June 10, 2022, in the Grand Court of the Cayman Islands, Laggner filed a petition against Uphold seeking its winding up or alternative relief. *Id.* 2:6-9. Laggner attached the petition to his Application. *See* App. Declaration of Bhavesh Patel ("Patel Decl.") Ex. 1 (hereinafter "Pet.").

The petition asserts that Uphold "operates in the cryptocurrency and blockchain industry" by "provid[ing] a wallet blockchain platform that facilitates payments within and to the financial services industry." *Id.* ¶ 4. Laggner and other shareholders allege that Uphold, certain board members, and certain former executives engaged in unlawful and self-dealing transactions, which harmed both the company and its shareholders. *Id.* ¶¶ 5, 18-20, 23-24, 28, 33-34; App. 2:14-17.

As relevant here, Laggner asserts that J.P. Thieriot and Tim Parsa are former Uphold executives, Pet. ¶ 11; that Parsa formed a "rival crytpo-asset company" called AirTM, with which

1 Uphold allegedly engaged in unlawful or unfair licensing and self-dealing transactions, App. 4:24-
2 5:2; and that Parsa founded venture capital fund Cloud Money Ventures LLC, which allegedly
3 engaged in transactions with Uphold, *id.* 8:20-21.
4       Laggner now seeks to depose Thieriot and Parsa, to take 30(b)(6) depositions of AirTM
5 and Cloud Money Ventures, and to obtain certain documents and communications from each
6 deponent. *See* App. 6:1-26.

## LEGAL STANDARD

Under 28 U.S.C. § 1782, federal district courts may order the production of documents or testimony "for use in a proceeding in a foreign or international tribunal" so long as the disclosure does not "violat[e] . . . any legally applicable privilege." *See also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004). Section 1782 "permit[s] district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (first quoting 28 U.S.C. § 1782(a); then citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012); and then citing *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007)).

Even if those mandatory statutory requirements are met, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264 (citation omitted). Rather, courts have discretion to determine whether discovery should be permitted, guided by four factors: (1) whether "the person from whom discovery is sought is a participant in a foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether a discovery request is "unduly intrusive or burdensome" in which case it "may be rejected or trimmed." *Id.* at 264-65.

"Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis since 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *In re Hopkins*, No. 20-MC-80012-SVK, 2020 WL 733182, at *2 (N.D. Cal. Feb. 13, 2020) (quoting *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *Id.* (quoting *In re Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016)).

## DISCUSSION

### I. Mandatory Requirements

The requirements that must be met for a district court to authorize discovery are "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov*, 931 F.3d at 925 (citations omitted). Each is met here.

First, Laggner states that Parsa resides in Mill Valley, California, and that Thieriot resides in San Francisco, California, both of which are located in this district. App. 8:12-16. And "[i]n this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has its principal place of business." *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, No. 5:22-MC-80200-EJD, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (citations omitted). Laggner states that AirTM and Cloud Money Ventures are both headquartered in San Francisco. Accordingly, this requirement is met.

Second, Laggner states that the discovery is sought for use in an ongoing proceeding in the Cayman Islands. App. 9:2-3. "Courts in the Ninth Circuit have observed that the 'for use' requirement 'focuses on the practical ability of an applicant to place a beneficial document . . .

3

before a foreign tribunal," which requires "show[ing] that the material requested is tethered to a specific foreign proceeding and is relevant." *Qualcomm Inc.*, No. 18-MC-80134-NC, 2018 WL 6660068, at *2 (N.D. Cal. Dec. 19, 2018) (first quoting *In re Pioneer Corp. for an Order Permitting Issuance of Subpoenas to Take Discovery in a Foreign Proceeding*, No. 18-mc-0037-UA, 2018 WL 2146412, at *6 (C.D. Cal. May 9, 2018)); and then citing *In re Ex Parte Application of Ambercroft Trading Ltd.*, No. 18-cv-80074-KAW, 2018 WL 2867744, at *3 (N.D. Cal. June 11, 2018)). Because Laggner sufficiently asserts that the discovery will be used in that Cayman Islands proceeding and is substantively relevant to that dispute, this requirement is met.

Finally, Laggner is a litigant in the Cayman Islands proceeding. "[L]itigants are . . . the most common example of[] the 'interested person[s]' who may invoke § 1782." *Intel Corp.*, 542 U.S. at 256 (citation omitted). The third mandatory element is satisfied.

## II. Discretionary Factors

Other factors that I may consider when exercising my discretion to authorize discovery are (1) whether "the person from whom discovery is sought is a participant in a foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether a discovery request is "unduly intrusive or burdensome" in which case it "may be rejected or trimmed." *Intel*, 542 U.S. at 264-65.

First, the two individuals and two corporate entities subject to the requested subpoenas are not participants in the foreign proceeding. *See* App. 9:24-28. That favors authorizing discovery here. *See Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

Second, Laggner asserts that there is no evidence that the Grand Court in the Cayman Islands would reject any evidence obtained pursuant to this § 1782 petition, and rather there is evidence that court would affirmatively consider the discovery. *See* App. 10:6-9; *see also* Patel

4

Decl. ¶ 4. "Where there is no evidence suggesting that foreign courts would be unreceptive to the requested discovery, the second discretionary factor weighs in favor of the application." *In re Application of Credit Suisse Virtuoso SICAV-SIF in Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Fin. Fund*, No. 21-MC-80308-JCS, 2022 WL 1786050, at *10 (N.D. Cal. June 1, 2022) (citing *In re Med. Corp. H&S*, No. 19-mc-80107-SVK, 2019 WL 2299953, at *3 (N.D. Cal. May 30, 2019)). This factor also supports authorizing discovery where the applicant "offers at least some evidence and caselaw to support its view that [the foreign] courts are generally receptive to evidence obtained in the United States under § 1782." *Id.* at *11. Here, because there is no evidence the Cayman Islands proceeding would reject the evidence, and because Laggner cites several cases showing that courts in the Cayman Islands are generally receptive to evidence obtained via § 1782, this factor favors granting the application.

Third, Laggner states that this is not an attempt to circumvent any foreign restrictions or other foreign or national policies regarding proof-gathering. *See* App. 11:19-12:10; Patel Decl. ¶ 4 (explaining that Cayman Islands courts affirmatively permit evidence obtained via § 1782 proceedings). "Courts have found that this factor weighs in favor of discovery where there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions.'" *In re Hopkins*, 2020 WL 733182, at *4 (quoting *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)). Here, as in *In re Hopkins*, "[i]n the absence of contrary information regarding the procedures acceptable to a Cayman Islands court for obtaining the . . . information sought here," I conclude this factor weighs in favor of authorizing discovery. *Id.*

Fourth, Laggner states that his discovery application is tailored, not intrusive or burdensome. *See* App. 12:13-13:2. His application seeks documents and communications regarding (1) the negotiation and execution of financing agreements related to Uphold's investors, (2) certain aspects of Uphold's licensing agreement with AirTM, (3) amendments to Uphold's Company Memorandum and Articles, and (4) a specific share purchase agreement and related transactions. App. 6:15-21. Laggner also seeks to depose Parsa and Thieriot, as well as a 30(b)(6) designee of AirTM and Cloud Money Ventures. *Id.* 6:23-25. At this juncture, this is sufficiently

5

tailored to favor authorizing discovery here. *Cf. Qualcomm Inc.*, 2018 WL 6660068, at *4.

Together, the mandatory and discretionary factors favor granting Laggner's application. Accordingly, I exercise my discretion to authorize discovery as outlined in the § 1782 application.

## CONCLUSION

For the foregoing reasons, the ex parte application is GRANTED.

**IT IS SO ORDERED.**

Dated: January 11, 2023

_____
William H. Orrick
United States District Judge