UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAGGNER,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY Z PARSA,<br><br>    Defendant. | Case No. 3:22-mc-80328-WHO<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: Dkt. No. 12 |

Plaintiff William Laggner filed an ex parte application for discovery pursuant to 28 U.S.C. § 1782 in aid of foreign proceedings, seeking to subpoena two individuals and two entities connected to ongoing proceedings in the Cayman Islands. ("App.") [Dkt. No. 1]. My Order granting the application outlines the relevant background of this case. [Dkt. No. 11]. I explained that the individuals—Tim Parsa and J.P. Thieriot—or the entities—Cloud Money Ventures LLC and AirTM—could move to quash the subpoenas. *Id.* 3:1-11.

Subsequently, Parsa filed a motion to quash the subpoena filed against Cloud Money Ventures. ("Mot.") [Dkt. No. 12]. Though Parsa appears to have a law degree from New York University, School of Law, and practical experience working at the law firm Cleary Gottlieb, [Dkt. No. 13-1] Ex. 1, he does not appear to be a member of the bar of California or this court and so filed the motion pro se. The motion asserts that Cloud Money Ventures does not exist and has never existed as an entity, and that the subpoena is an undue burden because it duplicates the production and deposition required in the subpoena against Parsa as an individual. *See generally* Mot.

Laggner filed an opposition to Parsa's motion, asserting that Cloud Money Ventures is an LLC incorporated in Delaware and arguing that Parsa did not show the subpoena would be an

undue burden. ("Oppo.") [Dkt. No. 13]. Parsa filed two apparently identical replies, contending that the LLC was cancelled in 2018. ("Repl.") [Dkt. Nos. 14, 15].

Federal Rule of Civil Procedure ("FRCP") 45 governs discovery from nonparties by subpoena. The recipient of the subpoena may move to quash if it subjects the recipient to an "undue burden." Fed. R. Civ. Proc. 45(d)(3)(A)(iv). "The individual or entity seeking relief from subpoena compliance bears the burden of demonstrating that a subpoena should be modified or quashed." *Third Degree Films, Inc. v. Does 1-178*, No. C 12-3858 EMC (MEJ), 2012 WL 12925674, at *2 (N.D. Cal. Dec. 6, 2012) (citation omitted).

The parties present contrasting evidence of the status of Cloud Money Ventures. Laggner's evidence shows that it is an LLC incorporated in Delaware, Oppo. Ex. 2, while Parsa first denies it existed at all and then presents evidence that the LLC was canceled in Delaware in 2018 for failure to file taxes, Repl. Ex. A.[1]

Whether or not the LLC was cancelled, it must be represented by a member of the bar of this court in order to proceed. *See* Civil L. R. 3-9(b). Parsa, appearing pro se, cannot represent such an entity and therefore cannot file the motion to quash on its behalf. Even considering Parsa's exhibits suggesting the LLC was cancelled, I find these do not meet the movant's burden to demonstrate that the subpoena should be quashed because there is some question surrounding the entity's continued existence and activities—including in the underlying case in the Cayman Islands. *See Third Degree Films*, 2012 WL 12925674, at *2.

And even if I considered Parsa's arguments on behalf of Cloud Money Ventures, he does not show an undue burden here. He says that the deposition would be "redundant" and the production of documents "duplicative," implying identical processes for both. If that is true, Parsa would only have to undergo one deposition and one round of production requests, meaning there would be no undue burden. And if Laggner seeks information from Parsa that is different from or in addition to the information it seeks from Cloud Money Ventures, Parsa still does not show why

---

[1] Neither contest that the Northern District of California would be the correct jurisdiction to serve this subpoena should Cloud Money Ventures exist, presumably based on Laggner's assertion that it is headquartered in San Francisco. *See* App. 8:12-21.

1  that would cause him or the entity an undue burden under FRCP 45.

2  Accordingly, the motion to quash is DENIED.

3  **IT IS SO ORDERED.**

4  Dated: April 21, 2023



William H. Orrick
United States District Judge