UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE EX PARTE APPLICATION OF
WILLIAM LAGGNER

Case No. 22-mc-80328-WHO

**ORDER DENYING PETITIONER'S MOTION FOR ATTORNEY'S FEES**

Re: Dkt. No. 75

William Laggner ("Laggner" or "Petitioner") seeks an award of attorney's fees from Juan Pablo Thieriot ("Thieriot" or "Respondent") as sanctions under Rule 37 for alleged discovery misconduct. He argues he is entitled to fees for being required to move to compel discovery responses under Rule 37(a)(5)(A)[1] and for Thieriot's failure to comply with discovery orders under Rule 37(b)(2)(C).[2]

Laggner had to exert significant effort over two years to secure the discovery he sought from Thieriot. I was concerned about potential abuses of process throughout the pendency of this proceeding and repeatedly expressed that the parties and third-party Uphold could have resolved the hurdles to discovery much more efficiently and effectively. That said, discovery was complicated by the issue of jurisdiction and the absence of Uphold as a party to this proceeding, and Laggner himself contributed to some of the delay in resolving it.

Much of Laggner's motion concerns alleged gamesmanship by Thieriot to avoid service.

---

[1] Rule 37(a) governs "Failure to Make Disclosure or Cooperate in Discovery: Sanctions" and having to file a "Motion for Order Compelling Disclosure or Discovery" and allows a court to award a movant reasonable expenses incurred in seeking relief.

[2] Rule 37(b) governs failure to comply with court discovery orders and allows a court to award a movant reasonable expenses incurred in seeking to enforce the court order.

*See* Dkt. No. 75 at 2-3. However, there appears to be a good faith basis for Thieriot's consistent assertion of Florida residency. The parties eventually stipulated to this court's jurisdiction to simplify the litigation.

Reviewing the record as a whole, there is no basis for fees or sanctions under Rule 37(a) or Rule 37(b) based on discovery misconduct by Thieriot.[3] While discovery dispute letters were filed and I ordered the parties to hold in person meet and confers, no "motions to compel" were allowed to be filed. Laggner does not identify any Order of this court that Thieriot violated, so he is not entitled to fees under Rule 37(b)(2)(C).

Finally, Laggner appears to have secured all discovery sought from Thieriot through this action and the underlying litigation in the Cayman Islands. The Clerk shall CLOSE this miscellaneous action.

**IT IS SO ORDERED.**

Dated: March 25, 2025

William H. Orrick
United States District Judge

---

[3] Laggner also appears to argue that he is entitled to an award of attorney fees for expenses associated with seeking a protective order to limit discovery under Rule 26(c)(3) and expenses associated with non-compliance with an attorney's discovery certification under Rule 26(g)(3). *See* Dkt. No. 75 at 8. However, Laggner never sought a protective order to limit discovery and identifies no attorney certification that was allegedly improper.

2